IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD RAYES, | ) | 4:14CV3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP") (Filing No. 2), Motion for Waiver of Filing Fee (Filing No. 5), Motion to Appoint Counsel (Filing No. 6), and Motion for Return of Papers (Filing No. 7).

### I. MOTION FOR WAIVER OF FILING FEE

Plaintiff seeks an order from this court waiving his payment of the court's $350.00 filing fee. Under the Prison Litigation Reform Act, an indigent inmate who files a lawsuit in federal court must pay the $350.00 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments. The method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive an in forma pauperis prisoner's filing fee. Accordingly, Plaintiff's request for a waiver of the filing fee will be denied.

### II. MOTION FOR LEAVE TO PROCEED IFP

Plaintiff has moved for leave to proceed IFP in this matter. The court has received a certified copy of Plaintiff's trust account information. (Filing No. 4.) Plaintiff is permitted to proceed IFP.

Pursuant to the Prison Litigation Reform Act, a prisoner plaintiff is required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the Complaint. Accordingly, the court finds that the initial partial filing fee is $3.48, based on an average monthly account balance of $17.40. Plaintiff must pay this initial partial filing fee within 30 days from the date of this Memorandum and Order. If the court does not receive payment by this deadline, this matter **will be dismissed**. Plaintiff may request an extension of time if needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, after payment in full of the initial partial filing fee, the remaining installments shall be collected pursuant to this procedure.

2

The clerk's office shall send a copy of this Memorandum and Order to the appropriate financial official at Plaintiff's institution. Plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. See *In re Tyler*, 110 F.3d at 529-30; *Jackson*, 173 F. Supp. 2d at 951.

### III. MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel. However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

### IV. MOTION FOR RETURN OF DOCUMENTS

Plaintiff seeks the return of his 122-page Complaint. In the alternative, Plaintiff seeks copies of his 122-page Complaint. (Filing No. 7.) This court's local rules provide, in relevant part:

> **(f) Official Record**. The clerk does not maintain a paper court file in any case unless required by law or local rule. When a document is filed electronically, the official record is the electronic recording of the document as stored by the court, and the filing party is bound by the document as filed.
>
> > **(1) Documents Filed Nonelectronically**. The official record also includes documents filed nonelectronically under local rule.
> >
> > **(2) Original Documents Scanned and Discarded**. The clerk scans and discards original documents brought to the clerk for filing

> unless the document's size or nature requires that it be kept in a paper format. An attorney who wishes to have an original document returned after the clerk scans and uploads it to the System may, before submitting the document to the clerk, ask the assigned judge for written authorization for the document's return. Authorization is granted on a case-by-case basis. The court does not allow blanket authorizations for the return of all original documents filed by an attorney or office.
>
> **(3) Copies of Filings**. A party who requests a copy of a paper document submitted for filing must, at the time of filing, supply the clerk's office with the copy and, if the return is to be made by mail, a self-addressed, stamped envelope.

NECivR 5.1(f).

Here, Plaintiff did not ask the undersigned judge for the return of his original documents prior to submitting them to the clerk's office for filing. In addition, Plaintiff did not provide a self-addressed, stamped envelope for the return of his original documents. In addition, Plaintiff did not submit payment for the cost of making copies of his 122-page Complaint, and Plaintiff does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1) (providing that a court may authorize the commencement of a suit "without prepayment of *fees or security therefor*") (emphasis added). If Plaintiff requires copies of court documents, he should contact this court's clerk's office to determine the proper method for requesting and paying for copies.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Waiver of Filing Fees (Filing No. 5) is denied.

2. Plaintiff's Motion for Leave to Proceed IFP (Filing No. 2) is granted.

4

3.      Plaintiff shall pay an initial partial filing fee of $3.48 within 30 days from the date of this Memorandum and Order, unless an enlargement of time is granted in response to a written motion.  If the initial partial filing fee is not received by the specified deadline, this case **will be dismissed**.

4.      After payment of the initial partial filing fee, Plaintiff's institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and shall forward those installments to the court.

5.      The clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

6.      The clerk's office is directed to set a pro se case management deadline in this case using the following text: **October 6, 2014**: initial partial filing fee payment due.

7.      Plaintiff's Motion to Appoint Counsel (Filing No. 6) is denied without prejudice to reassertion.

8.      Plaintiff's Motion for Return of Papers (Filing No. 7) is denied.

DATED this 3rd day of September, 2014.

                        BY THE COURT:


                        s/ Joseph F. Bataillon
                        United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.