IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD RAYES, | ) | 4:14CV3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on a notice of appeal (Filing No. 12) filed by Plaintiff Richard Rayes. Plaintiff has not submitted the appellate filing fee or filed a motion for leave to proceed in forma pauperis on appeal. Regardless, for the reasons discussed below, the court finds Plaintiff may not take this appeal in forma pauperis.

A litigant seeking to appeal a judgment must either pay the required filing fees or proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(a). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith is established when an appellant seeks review of an issue that is "not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit. *Newhouse v. McCormick & Co., Inc.*, 130 F.3d 302, 305 (8th Cir. 1997).

Plaintiff seeks to appeal from this court's order dated September 3, 2014 (Filing No. 10); specifically, the portion of the order in which the court denied Plaintiff's request for an outright waiver of the filing fee.[1] The portion of the order from which Plaintiff is attempting to appeal is clearly not appealable, "as the order is not a final

---

[1] In this order the court also granted Plaintiff's motion for leave to proceed in forma pauperis and assessed an initial partial filing fee.

decision and there is no basis to apply the collateral-order doctrine." *Van Der Merwe v. Sebelius*, 563 Fed.Appx. 498 (8th Cir. 2014) (citing 28 U.S.C. § 1291 (courts of appeals have jurisdiction of appeals from final decisions of district courts); *Alpine Glass, Inc. v. Country Mut. Ins. Co.*, 686 F.3d 874, 877 (8th Cir. 2012) (district court's order is final if it ends litigation on merits and leaves nothing more for court to do but execute judgment); *Langford v. Norris*, 614 F.3d 445, 454-56 (8th Cir. 2010) (interlocutory appeals are exceptional; under collateral-order doctrine, otherwise non-final order is immediately appealable only if it is conclusive, resolves important questions separate from merits, and is effectively unreviewable on appeal from final judgment)).

In addition, Plaintiff seeks review of an issue that is frivolous. He argued in his motion seeking a waiver of the filing fee that, because he was incarcerated *prior* to the enactment of the Prison Litigation Reform Act (PLRA), requiring him to pay the filing fee in accordance with the Act violates the Ex Post Facto Clause of the United States Constitution. His argument is as follows:

> The Ex Post Facto provision states that if Congress ENACTS legislation that effects me negatively that did not do so before the legislation was passed, then that negativity does not apply to myself at this time. Therefore by Constitutional I should not be bound to pay the cost of the three hundred fifty dollars ($350.00) imposed as a filing fee[.]

(Filing No. 5 at CM/ECF p. 6.)

Plaintiff's argument lacks merit. First, Plaintiff's Complaint was filed after the enactment of the PLRA. The date on which he was incarcerated is not relevant. Second, the Ex Post Facto Clause prohibits only retroactive application of penal legislation. That is, it forbids "[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Lupien v. Clarke*, 403 F.3d 615, 618 (8th Cir. 2005). Requiring Plaintiff to pay the filing fee in installments in accordance with § 1915(b) does not create a punishment for crimes

2

already committed. See Worthy v. Thornton, No. 97-4405, 172 F.3d 51 (unpublished table decision), 1998 WL 939889, at *2 (6th Cir. Dec. 22, 1998) ("Since the provisions of the PLRA are procedural, 'apply only to the filing of civil actions,' and do not change the punishments already imposed for criminal activity, the PLRA does not constitute unconstitutional ex post facto legislation.").

For the foregoing reasons, the relevant portion of the court's order dated September 3, 2014, is not appealable. In addition, an appeal of the relevant issue decided is frivolous. Because the appeal is not taken in good faith,

IT IS ORDERED that:

1. Plaintiff is not entitled to proceed in forma pauperis on appeal. Plaintiff is advised that the appellate filing fee will not be deducted from his prison account at this time. However, if he seeks review of this decision by the Eighth Circuit Court of Appeals pursuant to Rule 24(a)(5) of the Federal Rules of Appellate Procedure, the filing of *that* motion will result in the immediate assessment of the $505.00 appellate filing fee. See Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).

2. The clerk's office is directed to forward a copy of this Memorandum and Order to the Eighth Circuit Court of Appeals.

DATED this 17th day of September, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.