IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD RAYES, | ) | 4:14CV3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, MICHAEL | ) | |
| KENNEY, LARRY WAYNE, | ) | |
| FRANK HOPKINS, DIANE | ) | |
| SABATKA-RINE, SAMUAL SHAW, | ) | |
| MICHAEL EDISON, and DENNIS | ) | |
| BAKEWELL, | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiff Richard Rayes ("Plaintiff") filed his Complaint (Filing No. 1) in this matter on August 27, 2014. Thereafter, he filed numerous motions and pleadings supplementing the Complaint. (Filing Nos. 11, 17, 18, 19, 20, 21, 22, 24, 25, 27, and 28.) This court has given Plaintiff leave to proceed in forma pauperis in this matter. (Filing No. 10.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

    Plaintiff is incarcerated in the Nebraska State Prison in Lincoln, Nebraska. Plaintiff named eight Defendants in their individual and official capacities in his Complaint and has asked leave to add numerous other Defendants. Defendants and proposed Defendants include employees of the Nebraska Department of Correctional Services ("NDCS") such as prison directors, wardens, law librarians, unit managers, and other NDCS employees.

    Plaintiff set forth a litany of unrelated allegations in his Complaint and supplemental pleadings. For example, he complained about conditions of his

confinement, such as the lighting in the control unit, the smell of sewer gas, the noise from doors closing on the unit, the lack of programming in the prison, and his having to share a cell. (*See generally* Filing Nos. 17, 19, 21, and 25.) In addition, he alleged Defendants, in general, are violating his constitutional rights by:

- requiring him to use a wiggle pen (also known as a safety pen) to draft his pleadings;
- forbidding him from keeping hardbound books in the control unit;
- requiring him to pay ten cents per page for copies;
- forbidding him from purchasing copies of cases, statutes, and administrative regulations;
- requiring him to place clerks of court and other court officers on his family/friends list in order to contact them; and
- taking his medication away from him in the control unit.

(*See generally* Filing No. 1.)

As relief in this matter, Plaintiff asked for, among other things, court orders requiring Defendants to allow him to place court officers on his confidential calling list, use a fine-point pen in the control unit, keep hardbound books in the control unit, and access a computer from his cell. In addition, Plaintiff asked the court to order Defendants to install computers in the cells, retrofit the doors in the prison so they are quieter, ban instruments in the prison, and ban the dog training program. (*See generally* Filing Nos. 17, 19, 21, and 25.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to

state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

Plaintiff may not use this one lawsuit as a forum to challenge every condition of confinement that causes him grief. On the court's own motion, Plaintiff will be provided with an opportunity to file an amended complaint that sets forth only clearly related claims that stem from the same basic event or occurrence. Plaintiff should keep the following discussion in mind when drafting his amended complaint.

  A. **Rules of Pleading**

Plaintiff named eight individuals as Defendants and has asked for leave to add numerous others. Most of these individuals are never mentioned within Plaintiff's factual allegations. Rather, their names are strewn throughout the hundreds of pages of pleadings and documents Plaintiff has filed in this matter. Apparently, Plaintiff expects the court and Defendants to sort through his numerous filings to determine what allegations, if any, relate to each Defendant. The court will not undertake such a task.

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Here, Plaintiff's allegations do not give Defendants fair notice of the claims against them. In order to ensure a just and fair resolution of this matter, Plaintiff should be mindful to explain in his amended complaint what *each* defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

B.  **Rules of Joinder**

Federal Rule of Civil Procedure 20 states that multiple defendants may be joined in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*." Fed. R. Civ. P. 20(a)(2)(A) (emphasis added). In addition, there must be a "question of law or fact common to all defendants" in the action. Fed. R. Civ. P. 20(a)(2)(B). Under Federal Rule of Civil Procedure 21, the proper remedy for improper joinder of parties is for the court to "drop a party" or "sever any claim against the party." Fed. R. Civ. P. 21. The court may do so "[o]n motion or on its own." *Id.*

Here, allowing this case to proceed against all named Defendants and proposed Defendants—many of which are sued based on unrelated events—would create a significant case management problem and unduly prejudice Defendants. Thus, Plaintiff will be required to file an amended complaint that sets forth only related claims that stem from the same basic event or occurrence. Plaintiff is warned that upon screening the amended complaint, the court will consider whether unrelated claims should be severed. If Plaintiff's amended complaint sets forth unrelated claims, and the court decides severance is appropriate, **Plaintiff will be required to prosecute unrelated claims in separate actions and he will be required to pay a separate filing fee for each separate action**.

## IV. PENDING MOTIONS

### A. Motions for Extension and to Supplement Complaint

Plaintiff has filed two motions seeking extensions of time and a motion to supplement the record. (Filing Nos. 11, 19, and 22.) In light of the court's order directing Plaintiff to file an amended complaint, Plaintiff's motions seeking extensions of time and to supplement the record will be denied as moot.

### B. Motion for Preliminary Injunction

Plaintiff seeks an order from the court immediately requiring Defendants to (1) allow prisoners to purchase copies of "all Law"; (2) "cease and desist making the receiving party of a non-collect telephone call push a button to receive call"; (3) allow prisoners to contact "Attorneys, Court Officials and Government Public Officials" using toll-free numbers; and (4) take prisoners housed in the control unit to the law library for one hour per week. (Filing No. 18 at CM/ECF p. 20.)

The standards set forth in *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir. 1981), apply to Plaintiff's requests for preliminary injunctive relief. In *Dataphase*,

5

the court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 113. "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction." *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998). "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113.

Here, the *Dataphase* factors do not favor Plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief. As set forth above, in order for this case to proceed, Plaintiff must file an amended complaint. As drafted, the Complaint and the supplements do not indicate any probability that Plaintiff will succeed on the merits of his claims. Thus, the court sees no reason to intervene prior to the merits of Plaintiff's claims being decided.

    **C.**    **Motion to Hold Clerk in Contempt**

Plaintiff asks the court to hold the clerk of court in contempt because she failed to provide him "a copy of the court file." (Filing No. 27.) Here, the court notes that it denied Plaintiff's request for free copies of the court file on November 19, 2014. (*See* text-only order at Filing No. 26; *see also* Filing No. 10 (denying Plaintiff's request for the return of his original documents because Plaintiff did not comply with local rules pertaining to such requests).)

As Plaintiff has already been informed, he does not have the right to receive copies of documents without payment, even if the court granted him leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1) (providing that a court may authorize the commencement of a suit "without prepayment of *fees or security therefor*") (emphasis added); *see also Guinn v. Heckler*, 43 F.3d 1483 (Table), 1994 WL 702684 (10th Cir. 1994) ("Plaintiff's principal error, however, is his apparent belief that an order granting leave to proceed in forma pauperis, without the payment of the 'fees and costs' referenced in 28 U.S.C. § 1915(a), includes the right to have free copies of any documents in the record the indigent party desires. It does not.").

Although Plaintiff is not entitled to free copies of particular docket entries, the court will direct the clerk's office to forward to him a copy of the docket sheet itself to facilitate his communication with the clerk's office in requesting copies of particular docket entries.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint. As set forth above, Plaintiff's amended complaint must:

    a. explain what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him; and

    b. sets forth only related claims that stem from the same basic event or occurrence.

In addition, Plaintiff is again warned that if his amended complaint sets forth unrelated claims, and the court decides severance of the claims is appropriate, Plaintiff will be required to prosecute unrelated claims in separate actions and **he will be required to pay a separate filing fee for each separate action**.

2. The clerk's office is directed to set a pro se case management deadline in this case using the following text: January 9, 2015: Check for amended complaint.

3. Plaintiff's requests for extensions of time and to supplement his pleadings (Filing Nos. 11, 19, and 22) are denied as moot.

4. Plaintiff's request for preliminary injunctive relief (Filing No. 18) is denied without prejudice.

5. Plaintiff's request that this court hold the clerk of court in contempt (Filing No. 27) is denied.

6. The clerk's office is directed to send to Plaintiff a copy of the docket sheet in this matter.

DATED this 9th day of December, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.