IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD RAYES, | ) | 4:14CV3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, MICHAEL | ) | |
| KENNEY, LARRY WAYNE, | ) | |
| FRANK HOPKINS, DIANE | ) | |
| SABATKA-RINE, SAMUAL SHAW, | ) | |
| MICHAEL EDISON, and DENNIS | ) | |
| BAKEWELL, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed a Complaint (Filing No. 1) on August 27, 2014, and an Amended Complaint (Filing No. 33) on January 15, 2015. The court considers Plaintiff's Amended Complaint as supplemental to his Complaint. *See* NECivR 15.1(b) (stating the court may consider an amended pleading as supplemental to the original pleading in pro se cases).

Plaintiff is proceeding in forma pauperis in this matter. The court now conducts an initial review of Plaintiff's Complaint and Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. BACKGROUND

Plaintiff is currently incarcerated at the Nebraska State Prison ("NSP") in Lincoln, Nebraska. In this action he sues numerous current and former employees of the Nebraska Department of Correctional Services ("NDCS"), and he challenges the constitutionality of various prison regulations under 42 U.S.C. § 1983 and state law.

Plaintiff filed his original Complaint (Filing No. 1) on August 27, 2014. Thereafter, he filed numerous motions and pleadings supplementing the Complaint. (Filing Nos. 11, 17, 18, 19, 20, 21, 22, 24, 25, 27, and 28.) On December 9, 2014, the court conducted a preliminary review of Plaintiff's pleadings (Filing No. 30), and noted Plaintiff had set forth a litany of unrelated allegations in his Complaint and supplemental pleadings. The court ordered Plaintiff to file an amended complaint that set forth only clearly related claims that stemmed from the same basic events or occurrences.

Plaintiff filed his Amended Complaint (Filing No. 33) on January 15, 2015. In Plaintiff's Amended Complaint, he "retract[ed]" the numerous supplemental motions and pleadings (*see* Filing No. 33 at CM/ECF p. 10), and elected to prosecute the action against the individuals named in the original Complaint (Robert Houston, Michael Kenney, Larry Wayne, Frank Hopkins, Diane Sabatka-Rine, Samual Shaw, Michael Edison, and Dennis Bakewell), and also two additional individuals (Holly Rohde and Lannette Griffin-Mack) (*see id.* at CM/ECF p. 11).

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

Plaintiff challenges the constitutionality of various prison regulations at the NSP. According to Plaintiff, these regulations are impeding his ability to access the courts. Plaintiff generally alleged current and former prison directors are responsible for creating the regulations at issue, including Robert Houston and Michael Kenney, and others (discussed below) are responsible for enforcing the regulations. (*See* Filing No. 1 at CM/ECF p. 2.)

In Lewis v. Casey, 518 U.S. 343, 351 (1996), quoting Bounds v. Smith, 430 U.S. 817, 825 (1977), the Supreme Court confirmed that inmates have a constitutional right of access to the courts that obligates prison officials to provide *some* means, such as a

3

prison law library or a legal assistance program, "for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" The "right to meaningful access to the courts ensures that prison officials may not erect unreasonable barriers to prevent prisoners from pursuing or defending all types of legal matters." *Schrier v. Halford*, 60 F.3d 1309, 1313 (8th Cir. 1995). However, prisons may impose some "barriers" that impair the right of access to the courts when the reason for doing so is reasonably related to legitimate penological interests. *Lewis*, 518 U.S. at 361.

While "prisoners have a constitutional right of access to the courts," *Bounds*, 430 U.S. at 821, the right is only violated if the prisoner has suffered an "actual injury" by way of an official action that hindered his or her pursuit of a "nonfrivolous" or "arguable" underlying legal claim. *Lewis*, 518 U.S. at 353 & 353 n. 3. "To prove actual injury, [Plaintiff] must 'demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded.'" *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) (citation omitted).

Five regulations appear to be at issue here. It appears from Plaintiff's allegations that these regulations apply to all prisoners incarcerated at the NSP, but the court will only discuss the regulations as they pertain to him. First, Plaintiff complains he is not allowed to keep hardbound books in the control unit. (Filing No. 1 at CM/ECF p. 3.) Specifically, he is denied access to his Black's Law Dictionary, English Dictionary, and a legal journal in which he keeps "case cites." (*Id.*)

Second, he is not allowed to purchase or possess carbon paper, which limits his ability to produce copies of legal pleadings. (*Id.*) Plaintiff claims the purpose of the ban is so that prison officials "can bleed [inmates] at ten cents a page for copies [they] need to petition the Courts." (*Id.*)

4

Third, he is not allowed to make or purchase copies of case law, statutory law, operational memoranda, or administrative regulations without a court order. (Filing No. 1 at CM/ECF p. 4; Filing No. 33 at CM/ECF pp. 2, 6-7, and 9.) Defendant Larry Wayne, a deputy warden with the NDCS, implemented this regulation, and it has been enforced by former prison librarian Samuel Shaw and current prison librarian Lannette Griffin-Mack. (*Id.* at CM/ECF pp. 6-7.) This policy has impeded Plaintiff's ability to litigate claims in Case Number 4:14cv3158. (*Id.* at CM/ECF p. 2.) In addition, because of the ban on copies of administrative regulations, Plaintiff is unable to send a copy of the regulation on the "restoration of good time" to his senator, a step he believes is necessary to encourage him "to change enacted legislation." (Filing No. 1 at CM/ECF p. 4.) Plaintiff also alleged administrative regulations are kept in locked cages in the law library. Because prisoners are not allowed to photocopy the administrative regulations, they are often stolen by inmates and therefore not available for review. (*Id.*)

Griffin-Mack has extended the ban on copies to include a ban on making copies of interview request forms and grievances. (Filing No. 33 at CM/ECF p. 7.) This policy prevented Plaintiff from submitting copies of grievances when he submitted his Complaint in this case.

Fourth, because he is housed in the control unit, he is not allowed to go to the law library. (*Id.* at CM/ECF p. 5.) Instead, he must conduct legal research via a computer in something he refers to as "the bullpen," which is an area of the control unit where all traffic to and from the unit passes. (Filing No. 33 at CM/ECF pp. 4-5.) He is only allowed very limited access to this legal research computer for one hour per week. (*Id.* at CM/ECF pp. 3-5.) In addition, the computer monitor is behind three to four one-inch thick steel bars, which impairs Plaintiff's ability to read materials appearing on the computer screen. (*Id.* at CM/ECF p. 3.)

5

Separately, on at least one occasion, a prison guard informed Plaintiff that he could use the computer only if he agreed to be shackled to the bullpen bars. (*Id.* at CM/ECF p. 6.) According to Plaintiff, being shackled while using the computer in the bullpen is a threat to his safety. Specifically, Plaintiff alleged:

> It is easily possible for a guard to open the bullpen to other prisoners and does happen. I would be stupid and not care of my personal safty to let myself be shakled hand and foot subjecting myself to a possible beat to death without being able to defend myself in any mannor because I wanted to use the Law Library Computer as provided. This is not fair to Risk my life because I need to research Law to Brief by ideas from suppositions to case citation facts. Who would "not like" to feel, as a goat tied/staked awaiting the tigers bite.

(*Id.* at CM/ECF p. 6.)

Fifth, Plaintiff is not allowed to place clerks of court and other officers of the court on his "legal outgoing call" list. Rather, policy provides that he must place them on his "Family/Friends List," which he can only do if he knows their first and last names. (Filing No. 1 at CM/ECF p. 5.) According to Plaintiff, this policy is an overt attempt to obstruct prisoners' access to the courts. Plaintiff generally alleges this policy resulted in the dismissal of three civil state court cases. Plaintiff alleged the prison policy is enforced by Holly Rohde, the inmate calling system administrator. (Filing No. 33 at CM/ECF p. 8.)

In addition to these five regulations, Plaintiff also challenged a regulation that requires prisoners to use only a "wiggle pen" when housed in the control unit. (*See* Filing No. 1 at CM/ECF pp. 2-3.) Plaintiff abandoned his challenge to this regulation in his Amended Complaint. (*See* Filing No. 33 at CM/ECF p. 10.)

As set forth above, Plaintiff challenges the constitutionality of various prison regulations at the NSP in Lincoln, Nebraska. He pled that these regulations are

6

impeding his ability to litigate cases, and also impeding his ability to petition his senator for changes to statutory law. He lodged his allegations against Defendants Houston, Kenney, Wayne, Shaw, Griffin-Mack, and Rohde.[1] At this stage in the proceedings, the court finds Plaintiff has stated plausible claims for relief against these Defendants in their official and individual capacities. The court cautions Plaintiff that this is only a preliminary determination based on the allegations in the Complaint and Amended Complaint and is not a determination of the merits of the pleadings or any defenses that may be raised in response to the pleadings.

Plaintiff's claims against Frank Hopkins, Diane Sabatka-Rine, Michael Edison, and Dennis Bakewell will be dismissed without prejudice because Plaintiff failed to allege any specific acts or conduct on their parts. *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Frank Hopkins, Diane Sabatka-Rine, Michael Edison, and Dennis Bakewell are dismissed without prejudice.

2. This action may proceed to service of process as to Plaintiff's claims against Robert Houston, Michael Kenney, Larry Wayne, Samuel Shaw, Lannette Griffin-Mack, and Holly Rohde, in their individual and official capacities.

3. The clerk of the court is directed to send to Plaintiff a copy of the Complaint and Amended Complaint, a copy of this Memorandum and Order, and 12

---

[1] Griffin-Mack and Rohde are not included in the captions of the Complaint or Amended Complaint. However, it is clear from the text in the Amended Complaint that he intended to name them as defendants. (*See* Filing No. 33 at CM/ECF p. 11.)

summons forms and 12 USM 285 Forms for service on Houston, Kenney, Wayne, Shaw, Griffin-Mack, and Rohde in their individual *and* official capacities. (See attached Notice Regarding Service.)

Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 120 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

4. If requested to do so in this matter, the United States Marshal will serve all process in this case without prepayment of fees from Plaintiff. In making such a request, Plaintiff must complete the USM 285 forms and submit them to the clerk of the court, together with the completed summons forms. Without these documents, the United States Marshal will not serve process. Upon receipt of the completed forms, the clerk of the court will sign the summons forms and forward them to the Marshal for service on Defendants, together with copies of the Complaint and Amended Complaint. In the event Plaintiff asks the United States Marshal to serve process, the clerk of the court will make copies of the Complaint and Amended Complaint for service on Defendants.

5. The clerk of the court is directed to set the following pro se case management deadline: August 5, 2015: check for completion of service.

DATED this 14th day of April, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

**Notice Regarding Federal Rule of Civil Procedure 4**

Federal Rule of Civil Procedure 4 requires that a defendant be served with the complaint and a summons. This is to make sure that the party you are suing has notice of the lawsuit. Federal Rule of Civil Procedure 4(e) governs service of process on an individual (i.e., your individual capacity claims). Federal Rule of Civil Procedure 4(j) governs service of process on a state (i.e., your official capacity claims).

In this case, Rule 4(e) and (j) mean copies of the summons and complaint must be served on: (1) Defendants individually; and also (2) the Nebraska Attorney General's Office or the chief executive officer for the State of Nebraska.

You may ask the United States Marshal to serve process, as described in the court's order, because you are proceeding in forma pauperis.