IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD RAYES, | ) | 4:14CV3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, MICHAEL KENNEY, LARRY WAYNE, SAMUAL SHAW, LANNETTE GRIFFEN-MACK, and HOLLY ROHDE, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

    On April 14, 2015, the court allowed this matter to proceed to service of process as to Plaintiff's claims against Robert Houston, Michael Kenney, Larry Wayne, Samuel Shaw, Lannette Griffin-Mack, and Holly Rohde in their individual and official capacities. (*See* Filing No. 35 at CM/ECF p. 7.) Plaintiff filed motions on August 6 and August 20, 2015, seeking leave to resurrect previously-dismissed claims, serve previously-dismissed defendants, and lodge additional allegations against the remaining defendants. (Filing Nos. 39 and 40.[1]) Plaintiff also seeks the appointment of counsel. (Filing No. 40.)

    Plaintiff has already filed at least 11 motions and pleadings seeking leave to amend his Complaint (*See* Filing Nos. 11, 17, 18, 19, 20, 21, 22, 24, 25, 27, and 28), usually with no regard for this court's local rules or the Federal Rules of Civil

---

[1] It was not clear to the court whether Plaintiff intended to prosecute an appeal to the Eighth Circuit Court of Appeals in Filing Number 40. The court elected not to file the document as a notice of appeal for three reasons: (1) despite being captioned a notice of appeal, the body of the document did not reflect an intention to prosecute an appeal; (2) any appeal at this point of the proceedings would be out of time and frivolous; and (3) Plaintiff would be required to pay the full $505.00 appellate filing fee if the document had been filed as a notice of appeal.

Procedure. While pro se litigants are held to a lesser pleading standard than other parties, this principle has limits. Plaintiff must comply with this court's local rules and the Federal Rules of Civil Procedure.

Under the local rules of this court, any party who moves for leave to amend a pleading, including a request to add parties, must attach a copy of his proposed amended pleading to the motion to amend. NECivR 15.1. Plaintiff did not comply with this requirement. While the court may consider amended pleadings as supplemental to the original pleading in pro se cases, *see* NECivR 15.1(b), this case has now proceeded to service of process and the court will not permit the piecemeal filing of supplemental pleadings and requests to amend. The court will not require Defendants to undertake the task of sorting through Plaintiff's numerous filings in order to piece together his claims against each of the defendants. Therefore, any proposed amended complaint Plaintiff files in the future must not incorporate any part of his prior pleadings. Rather, it must supersede Plaintiff's prior pleadings and it must contain all of his claims against all of the defendants.

The court will deny Plaintiff's requests for leave to resurrect previously-dismissed claims, serve previously-dismissed defendants, and lodge additional allegations against the remaining defendants. Plaintiff is ordered not to file any amended pleadings, or supplements to his pleadings, without first getting leave of the court pursuant to this court's local rules. Plaintiff is cautioned that future filings that do not comply with the court's local rules may be disregarded or stricken. In addition, failure to comply with the court's rules or the court's orders may warrant dismissal of this action. See Fed. R. Civ. P. 41(b). The court will direct the clerk of the court to send to Plaintiff a copy of this court's local rules.

With respect to Plaintiff's request for the appointment of counsel, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has

2

broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal citation and quotation marks omitted). No such benefit is apparent here at this time. Thus, the request for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1. Plaintiff is ordered not to file any amended pleadings, or supplements to his pleadings, without first getting leave of the court pursuant to NECivR 15.1. Failure to comply with the court's local rules or the court's orders may warrant dismissal of this action.

2. Plaintiff's request for appointment of counsel (Filing No. 40) is denied, and his requests for leave to resurrect previously-dismissed claims, serve previously-dismissed defendants, and lodge additional allegations against the remaining defendants (Filing Nos. 39 and 40) are denied without prejudice to reassertion in a proposed amended complaint filed in compliance with this order and the court's local rules.

3. The clerk of the court is directed to send to Plaintiff a copy of the court's local rules.

DATED this 26th day of August, 2015.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.