IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RICHARD RAYES, | ) | 4:14CV3177 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, MICHAEL KENNEY, LARRY WAYNE, FRANK HOPKINS, DIANE SABATKA-RINE, SAMUAL SHAW, MICHAEL EDISON, DENNIS BAKEWELL, LANNETTE GRIFFEN-MACK, and HOLLY ROHDE, in their individual and official capacities, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

  After review of Plaintiff's Amended Complaint (Filing No. 33), the court allowed Plaintiff's claims to proceed to service of process as against defendants Robert Houston, Michael Kenney, Larry Wayne, Samuel Shaw, Lannette Griffen-Mack, and Holly Rohde in their individual and official capacities. Plaintiff's claims against Frank Hopkins, Diane Sabatka-Rine, Michael Edison, and Dennis Bakewell were dismissed without prejudice. (Filing No. 35.) Now pending before the court are a Motion to Dismiss (Filing No. 52) pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by defendants Houston, Kenney, Wayne, Shaw, and Griffen-Mack in their individual and official capacities; a Motion to Dismiss (Filing No. 63) pursuant to Fed. R. Civ. P. 12(b)(6) filed by defendant Rohde in her individual capacity; and Plaintiff's third Motion for Appointment of Counsel (Filing No. 6; Filing No. 40; Filing No. 70).

  Since the time Plaintiff filed this lawsuit, he has been released from prison. Nebraska Department of Correction Services Inmate Locator (Richard Rayes, DCS

ID #33647, discharged Jan. 25, 2016); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

## I. SUMMARY OF AMENDED COMPLAINT

As described in detail in a previous order (Filing No. 35), Plaintiff challenges the constitutionality of various prison regulations at the Nebraska State Penitentiary ("NSP"). According to Plaintiff, these regulations impeded his ability to access the courts when he was still confined. Plaintiff generally alleges that current and former prison directors were responsible for creating the regulations at issue and others were responsible for enforcing them.

Five regulations or policies are at issue:

(1) **Hardbound Books:** Plaintiff was not allowed to keep hardbound books—specifically Black's Law Dictionary, the English Dictionary, and a legal journal in which he kept "case cites"—in the control unit, where he was housed.

(2) **Carbon Paper:** Plaintiff was not allowed to purchase or possess carbon paper, thereby limiting his ability to produce copies of legal pleadings and forcing him to pay 10 cents per page to photocopy paperwork needed to petition the courts.

(3) **Copies:** Plaintiff was not allowed to make or purchase copies of case law, statutory law, operational memoranda, or administrative regulations without a court order. Plaintiff claims this policy impeded his ability to litigate claims in Case No. 4:14cv3158 in this court. In addition, because of the ban on copies of administrative regulations, Plaintiff was unable to send a copy of the regulation on the "restoration of good time" to his senator, a step he believes was necessary to encourage him "to change enacted legislation." Plaintiff also alleges that administrative regulations were kept in locked cages in the law library, and because prisoners were not allowed to photocopy the administrative regulations, they were

often stolen by inmates and therefore were not available for review. Defendant Griffen-Mack allegedly extended the ban on copies to include a ban on making copies of interview request forms and grievances, which prevented Plaintiff from submitting copies of grievances when he filed his Complaint in this case.

(4) **Legal Research:** Because he was housed in the control unit, Plaintiff was not allowed to go to the law library. Instead, he was required to conduct legal research via a computer in something he refers to as "the bullpen," which was an area of the control unit where all traffic to and from the unit passed. Plaintiff claims he was only allowed to access this legal research computer for one hour per week. In addition, the computer monitor was located behind three to four one-inch thick steel bars, which impaired Plaintiff's ability to read materials appearing on the computer screen. Separately, on at least one occasion, a prison guard allegedly informed Plaintiff that he could use the computer only if he agreed to be shackled to the bullpen bars which, in Plaintiff's view, was a threat to his safety because he would not be able to defend himself if attacked.

(5) **Phone Calls:** Plaintiff was not allowed to place clerks of court and other officers of the court on his "legal outgoing call" list; rather, Plaintiff was required to place these names on his "Family/Friends List," but only if he knew their first and last names. Plaintiff alleges that this policy, which was enforced by Holly Rohde, the inmate calling system administrator, was an overt attempt to obstruct prisoners' access to the courts, and this policy resulted in the dismissal of three of his civil state court cases. Plaintiff claims Lancaster County District Court Case Nos. CI 11-1913, CI 12-3014, and CI 13-3952 were dismissed because he could not call the clerk of that court pursuant to this policy.

Plaintiff seeks $10,000 in damages from each defendant, as well as injunctive relief.

## II. APPLICABLE LEGAL STANDARDS

The pending Motions to Dismiss were both filed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

The Motion to Dismiss filed by filed by defendants Houston, Kenney, Wayne, Shaw, and Griffen-Mack is also based upon Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) allows the court to address the threshold question of jurisdiction, as judicial economy demands that the issue be decided at the outset rather than deferring it until trial. *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). The party asserting jurisdiction bears the burden of proving that jurisdiction is proper. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

# III. DISCUSSION

## A. Injunctive Relief

As a preliminary matter, Plaintiff's claim for injunctive relief must be dismissed as against all defendants because he has been released from prison. *Gladson v. Iowa Dep't of Corr.*, 551 F.3d 825, 835 (8th Cir. 2009) (inmate's claims for injunctive and declaratory relief become moot when inmate is transferred and is no longer subject to policy at issue).

## B. Defendants in Official Capacities: Sovereign Immunity

Plaintiff has sued five State of Nebraska employees (defendants Houston, Kenney, Wayne, Shaw, Griffen-Mack) in their individual and official capacities. As to these defendants in their official capacities, the first question the court must address is to what extent, if any, the Eleventh Amendment bars his claims.

The Eleventh Amendment to the United States Constitution provides states, state agencies, and state officials acting in their official capacities with immunity from suits brought by citizens of other states and from suits brought by a state's own citizens. *See Hadley v. North Arkansas Cmty. Technical Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996), *cert. denied*, 519 U.S. 1148 (1997); *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *Hadley*, 76 F.3d at 1438; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). An exception to this immunity was recognized by the Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), which permits prospective injunctive relief against state officials for ongoing federal law violations. This exception does not apply to cases involving requests for purely retroactive relief. *Green v. Mansour*, 474 U.S. 64 (1985).

Plaintiff seeks monetary relief from state official defendants for alleged *past* violations of federal law. There is nothing in the record to suggest the State of Nebraska waived, or that Congress overrode, sovereign immunity here. Thus, Plaintiff's claims against defendants Houston, Kenney, Wayne, Shaw, and Griffen-Mack in their official capacities are barred by the Eleventh Amendment.[1]

**C. All Defendants in Individual Capacities: Access to the Courts**

In *Lewis v. Casey*, 518 U.S. 343, 351 (1996), quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977), the Supreme Court confirmed that inmates have a constitutional right of access to the courts that obligates prison officials to provide *some* means, such as a prison law library or a legal assistance program, "for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" The "right to meaningful access to the courts ensures that prison officials may not erect unreasonable barriers to prevent prisoners from pursuing or defending all types of legal matters." *Schrier v. Halford*, 60 F.3d 1309, 1313 (8th Cir. 1995). However, prisons may impose some "barriers" that impair the right of access to the courts when the reason for doing so is reasonably related to legitimate penological interests. *Lewis*, 518 U.S. at 361.

While "prisoners have a constitutional right of access to the courts," *Bounds*, 430 U.S. at 821, the right is only violated if the prisoner has suffered an "actual injury" by way of an official action that hindered his or her pursuit of a "nonfrivolous" or "arguable" underlying legal claim. *Lewis*, 518 U.S. at 353 & 353 n.3. "To prove actual injury, [Plaintiff] must 'demonstrate that a nonfrivolous legal claim had been

---

[1]Defendant Rohde claims she was not employed by the State of Nebraska, but was a private contractor employed by Global Tel*Link Corporation to provide telephone service to NDCS inmates. (Filing No. 64 at CM/ECF p. 8.) Therefore, she does not have an "official capacity."

frustrated or was being impeded.'" *Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) (citation omitted). Because this actual-injury requirement "concerns the prisoner's standing to bring a claim, and thus [the court's] jurisdiction," and because the court is to "avoid unnecessarily deciding constitutional issues," the court must first consider whether Plaintiff suffered any actual injury. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007).

In terms of actual injury, Plaintiff alleges that: (1) NSP's telephone policy resulted in the dismissal of three of Plaintiff's Lancaster County District Court cases (Nos. CI 11-1913, CI 12-3014, CI 13-3952) because he could not call the clerk of that court; (2) the ban on making copies of interview request forms and grievances prevented Plaintiff from submitting copies of grievances in the case now before the court; and (3) the policy of prohibiting him from making or purchasing copies of case law, statutory law, operational memoranda, and administrative regulations without a court order impeded his ability to litigate claims in Case No. 4:14cv3158 in this court.

First, dismissal of Plaintiff's three cases in Lancaster County District Court had nothing to do with Plaintiff's alleged inability to contact the clerk of court pursuant to prison policy—Case No. CI 12-3014 was dismissed because it was "frivolous" within the meaning of Neb. Rev. Stat. § 25-2301.02 (Cum. Supp. 2000); Case No. CI 11-1913 was dismissed for lack of service; and Case No. CI 13-3952 was dismissed as frivolous. (Filing No. 1, Complaint, at CM/ECF pp. 32-34 (order in *Rayes v. State of Nebraska* (Lancaster County Dist. Ct. Case No. CI 12-3014) dismissing case as frivolous and referencing dismissal of Case No. CI 11-1913 for lack of service); Filing No. 65-2, Ev. Index Supp. Def. Rohde's Mtn. Dismiss (order in *Rayes v. State of Nebraska* (Lancaster County Dist. Ct. Case No. CI 13-3952) dismissing case as frivolous)[2].)

---

[2]I may consider the copy of *Rayes v. State of Nebraska* (Lancaster County Dist. Ct. No. CI 13-3952) filed as evidence by defendant Rohde because the court may consider "some materials that are part of the public record or do not contradict the

7

Second, as evidenced by the analysis contained in this Memorandum and Order, Plaintiff's alleged failure to submit copies of interview request forms and grievances in this case due to prison policy has had no effect on the disposition of this case. Finally, Plaintiff's case in this court, *Rayes v. Sabatka-Rine*, No. 4:14CV3158 (D. Neb.), was dismissed because his claims were either procedurally defaulted, meritless, or barred by the statute of limitations. (*Id*. Filing No. 33.)

Because none of the NSP policies about which Plaintiff complains had any effect whatsoever on the dismissal of the cases Plaintiff cites, Plaintiff has not alleged that he suffered actual injury due to the offending NSP policies, necessitating dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. *See Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008) ("The district court quite clearly articulated that [the plaintiff] cannot maintain a claim because he cannot demonstrate actual injury. Because actual injury is required, the district court implicitly, if not expressly, found [the plaintiff's] claim was one upon which relief could not be granted."); *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996) (to state a claim that a law library or legal assistance program violates right to access the courts, inmate must assert actual injury, not "theoretical inadequacies").

---

complaint, as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotation marks and citations omitted). *See also Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 n.4 (8th Cir. 2003) (referring to writings that may be viewed as attachments to complaint, such as contracts upon which claim rests); *Kushner v. Beverly Enters., Inc.*, 317 F.3d 820, 831 (8th Cir. 2003) ("When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." (internal quotation marks and citation omitted)).

### D. Motion for Appointment of Counsel

Plaintiff has filed yet another Motion to Appoint Counsel. (Filing No. 70.) In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel[.]" *Id.* (internal quotation marks and citation omitted). No such benefit is apparent at this time. Thus, Plaintiff's request for the appointment of counsel will be denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claim for injunctive relief as against all defendants is dismissed as moot due to his release from prison; Plaintiff's claims for monetary relief against defendants Houston, Kenney, Wayne, Shaw, Griffen-Mack in their official capacities are dismissed as barred by the Eleventh Amendment; and Plaintiff's remaining claims against all defendants in their individual capacities are dismissed for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, Defendants' Motions to Dismiss (Filing No. 52; Filing No. 63) are granted, and such claims are dismissed with prejudice;

2. Pursuant to the court's prior order (Filing No. 35), Plaintiff's claims against defendants Hopkins, Sabatka-Rine, Edison, and Bakewell are dismissed without prejudice;

3. Plaintiff's Motion for Appointment of Counsel (Filing No. 70) is denied;

4. Final judgment dismissing this case shall be entered by separate document.

DATED this 9th day of March, 2016.

BY THE COURT:

s/ *Richard G. Kopf*

Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.