IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| RICHARD RAYES, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 4:14CV3177 |
| v. | ) ) | |
| ROBERT HOUSTON, sued in their individual and official capacities, MICHAEL KENNEY, sued in their individual and official capacities, LARRY WAYNE, sued in their individual and official capacities, SAMUAL SHAW, sued in their individual and official capacities, LANNETTE GRIFFEN-MACK, sued in their individual and official capacities, and HOLLY ROHDE, sued in their individual and official capacities, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM AND ORDER** |
| Defendants. | ) ) | |

    This matter is before the court on Plaintiff's Notice of Appeal (Filing No. 82) and Motion for Leave to Appeal In Forma Pauperis (Filing No. 83), which were filed on June 13, 2016—95 days after the court entered judgment (Filing No. 81) in this case on March 9, 2016. Plaintiff claims that after he was released from prison on January 26, 2016, he received his mail at the Matt Talbot Kitchen in Lincoln, Nebraska, but he did not receive this court's March 9, 2016, Memorandum and Order (Filing No. 80) and Judgment (Filing No. 81) dismissing this case. Plaintiff's Notice of Appeal requests that this court allow him to file the Notice out of time. (Filing No. 82 at CM/ECF p. 6.)

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal in a civil case must be filed within 30 days of the entry of judgment. "The requirement of a timely notice of appeal is mandatory and jurisdictional." *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 923 (8th Cir. 2006). A district court may extend the time to file a notice of appeal if a party moves for an extension of time and shows excusable neglect or good cause, provided that the party moves for the extension of time within 30 days of the expiration of the 30-day period set out in Rule 4(a)(1)(A). Fed. R. App. P. 4(a)(5)(A)(ii). In addition, if a party files one of the post-judgment motions listed in Rule 4(a)(4)(A), the time to file the appeal runs from the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A). An untimely notice of appeal cannot serve as a motion for extension of time to file an appeal. *Burgs v. Johnson County*, 79 F.3d 701, 702 (8th Cir. 1996); *Dancer v. Haltom*, No. 4:10-CV-4118, 2011 WL 2143029, at *1 (W.D. Ark. May 2, 2011) (same); *Clark v. Aksamit*, No. 4:09CV3259, 2010 WL 3909343, at *1 (D. Neb. Sept. 29, 2010) (same); *Clark v. James*, No. 4:10CV3045, 2010 WL 3909352, at *1 (D. Neb. Sept. 29, 2010) (same).

Here, the court entered a final judgment dismissing this case on March 9, 2016. Plaintiff did not file his Notice of Appeal until June 13, 2016. Plaintiff did not file any post-judgment motions that would extend the time to file a notice of appeal, and he filed an untimely notice of appeal without previously moving for an extension of time to file a notice of appeal. Therefore, Plaintiff's appeal is untimely under all of the above-quoted provisions.

Separate from the deadlines set forth above, Federal Rule of Appellate Procedure 4(a)(6)(A) allows a district court to reopen the time to file an appeal if three conditions are satisfied:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

There is no indication in the electronic court file that Plaintiff did not receive the court's Memorandum and Order and Judgment. Rather, the docket sheet for this case indicates that Plaintiff advised the court of his mailing address on February 5, 2016 (Filing No. 77), and a General Order (Filing No. 79), a Memorandum and Order (Filing No. 80), and a Judgment (Filing No. 81) were all mailed to Plaintiff at that address, and none of these filings was returned as undeliverable. *Kennell v. Gates*, 215 F.3d 825, 829 (8th Cir. 2000) ("A jury generally is permitted to infer that information sent via a reliable means—such as the postal service or a telegram—was received."); *Gonzalez v. Houston*, No. 4:13CV3016, 2014 WL 1513127 (D. Neb. Apr. 16, 2014) (allowing extension of time for habeas petitioner's appeal when petitioner's contention that he did not receive ruling on motion to amend or alter judgment was confirmed by petitioner's letter to court inquiring about status of motion after it had already been ruled upon).

Because the court cannot conclude that Plaintiff did not receive notice of the entry of the judgment, as is required under Federal Rule of Appellate Procedure 4(a)(6)(A) to reopen the time to appeal, Plaintiff's notice of appeal is also not timely under that subsection of Federal Rule of Appellate Procedure 4. Accordingly,

IT IS ORDERED:

1. Plaintiff's Notice of Appeal (Filing No. 82) was not timely filed.

2.	Plaintiff's Motion for Leave to Appeal In Forma Pauperis (Filing No. 83) is denied.

3.	The clerk of the court is directed to send a copy of this order to the Eighth Circuit Court of Appeals.

DATED this 15th day of June, 2016.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge